An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TOMAREY K. PATTERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67853



FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of child abuse and neglect resulting in substantial bodily harm. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge. Appellant Tomarey Patterson contends that the State's closing argument was improper because it referenced evidence of irrelevant events that occurred after the crime.

The following evidence was adduced at trial. At a routine eye exam in July 2013, a Las Vegas optometrist informed Patterson that she observed an anomaly in each eye of Patterson's young son and that the child's eyes needed to be dilated in order to determine what the anomalies were. Patterson did not have his son's eyes dilated until December 31, 2013, at the Las Vegas office. At that time, Patterson's son was diagnosed with a partially detached retina, and Patterson was advised to have him seen as soon as possible by a retina specialist. The optometrist agreed that there was "no connection" between the anomaly and the detached retina. Patterson was arrested on January 10, 2014, because he had not taken his son to the specialist, and his son was diagnosed three days later with a completely detached retina and permanent blindness in that eye.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38801

Patterson now argues that the State improperly argued in closing that because Patterson's son had been seen by a local Pahrump optometrist after January 10, 2014, Patterson could have taken his son to see that local optometrist between December 31, 2013, and January 10, 2014. Patterson misstates the State's closing argument, which was that Patterson could have taken his son to the local optometrist between July 2013 and December 31, 2013. Further, the local optometrist testified at trial, without objection, that the son's first visit to his office occurred after Patterson's arrest. The State's argument was thus a permissible comment on evidence in the record. *See Randolph v. State*, 117 Nev. 970, 984, 36 P.3d 424, 433 (2001) ("The State is free to comment on testimony, to express its views on what the evidence shows, and to ask the jury to draw reasonable inferences from the evidence."). For the foregoing reasons, we conclude that Patterson's argument is without merit, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Robert W. Lane, District Judge
The Law Firm of Nathan L. Gent, PLLC
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk